**Dated: March 14, 2019**

**The following is ORDERED:**





Janice D. Loyd
U.S. Bankruptcy Judge

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| Bruce Dwain Copeland, | ) | Case No. 18-13948-JDL |
| | ) | Ch. 13 |
| Debtor. | ) | |
| | ) | |
| Bruce Dwain Copeland, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. No. 19-01017-JDL |
| | ) | |
| Autonation Reality (sic) Corporation, | ) | |
| Autonation Ford Torrance, | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER DISMISSING CASE WITH PREJUDICE

This is an adversary proceeding brought by *pro se* Debtor Bruce Dwain Copeland ("Copeland") alleging "Defendant Autonation committed fraud when they did unauthorized repairs on his car in Torrance Ca (sic)". This matter is before the Court for consideration *sua sponte* upon the *Complaint For: Fraud* filed by Copeland on February 13, 2019 ("Complaint") [Doc. 1].

### I. Jurisdiction

This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1334(b) as a matter arising in or related to a case under Title 11.[1]

### II. The Complaint's Allegations

Copeland's less than two-page long Complaint alleges that Defendant Autonation Reality (sic) Corporation[2] is a California corporation and the parent company of Autonation Ford Torrance, a car dealership located in Torrance, California (collectively "Autonation"). The entirety of Copeland's One-Count for Fraud alleges that the Defendant "committed fraud when they did unauthorized repairs on his car in Torrance Ca (sic)", and that "Plaintiff has now been harmed by Defendants actions."

### III. The Standards for a Motion to Dismiss

A motion to dismiss for "failure to state a claim upon which relief can be granted" is governed by Rule 12(b)(6) of the Fed.R.Civ.P., made applicable to adversary proceedings by Fed.R.Bankr.P. 7012.[3] The purpose of a motion to dismiss under Rule 12(b)(6) is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick,* 40 F.3d 337, 340 (10th Cir. 1994). In

---

[1] Fed.R.Bankr.P. 7008 requires a Complaint contain a statement that the pleader does or does not consent to entry of final orders or judgment by the bankruptcy court. In his Complaint, Copeland states that he "does not accept the Bankruptcy Court's rulings as final judgment". [Doc. 1].

[2] The correct name of the defendant is Autonation Realty Corporation.

[3] All future references to "Rule" or "Rules" are to the Federal Rules of Bankruptcy Procedure or to the Federal Rules of Civil Procedure made applicable to bankruptcy proceedings, unless otherwise indicated.

considering a motion to dismiss, the Court must construe a complaint in the light most favorable to the plaintiff, taken as true all factual allegations and making all reasonable inferences in the plaintiff's favor that can be drawn from the pleadings. *Casanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010); *Moore v. Guthrie*, 438 F.3d 1036, 1039 (10th Cir. 2006). "That the Court accepts them as true, however, does not mean the allegations in a complaint are in fact true; a plaintiff is not required to prove his case at the pleading stage." *Higginbottom v. Mid-Del School District, et al.*, 2016 WL 951691 (W.D. Okla. 2016). The Court must not "weigh potential evidence that the parties might present at trial" in order to test the sufficiency of the complaint. *Sutton v. Utah State School for the Deaf And Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999). It is well recognized that "granting a motion to dismiss is a harsh remedy and must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleadings but also to protect the interests of justice". *Dias v. City and County of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, excepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. In applying *Twombly's* "plausibility standard", the Tenth Circuit has held that the standard lies as a middle ground between "heightened fact pleading" and "formulaic recitation of the elements of a cause of action." *Robbins v. State of Oklahoma, ex rel., Department of Human Services*, 519

F.3d 1242, 1247 (10th Cir. 2008). Although the complaint need not recite "detailed factual allegations,... the factual allegations must be enough to raise a right to relief above the speculative level." *Christie Sports, LLC v. Deer Valley Resort Co. LTD.,* 555 F.3d 1188, 1191 (10th Cir. 2009) (quotation omitted); *In re Ward*, 589 B.R. 424, 427 (Bankr. W.D. Okla. 2018); *Cook v. Baca,* 512 Fed.Appx. 810, 821 (10th Cir. 2013)**;** *Lamar v. Boyd,* 508 Fed.Appx. 711, 713-14 (10th Cir. 2013); *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (a complaint must give the court reason to believe the plaintiff has a reasonable likelihood of mustering factual support for the claims raised).

### A.  The Requirements of Pleading Fraud under Rule 9(b).

A plaintiff must plead "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a)(2).[4]  Fraud claims, however, must meet more stringent standards. See Rule 9(b).[5] "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." *Id*. "At a minimum, Rule 9(b) requires that a plaintiff set forth the 'who, what, when, where and how' of the alleged fraud." *United States ex rel. Schwartz v. Coastal Healthcare Group, Inc.*, 232 F.3d 902, 2000 WL 1595976, *3 (10th Cir. 2000) (unpublished); *Two Old Hippies, LLC v. Catch The Bus, LLC,* 784 F.Supp.2d 1200, 1208 (D. N.M. 2011); *Midgley v. Rayrock Mines, Inc*., 374 F.Supp.2d 1039, 1047 (D. N. M. 2005) ("To survive a motion to dismiss, an allegation

---

[4] Rule 8 of the Fed.R.Civ.P. is made applicable to adversary proceedings by Fed.R.Bankr.P. 7008.

[5] Rule 9 of the Fed.R.Civ.P.is made applicable to adversary proceedings by Fed.R.Bankr.P. 7009.

of fraud must 'set forth the time, place, and contents of the false representation, the identity of the party making the false statements and the consequences thereof.'").

### B. *Sua Sponte* Order of Dismissal.

Although dismissals under Rule 12(b)(6) typically follow a motion to dismiss, giving the plaintiff notice and opportunity to amend his complaint, a court may dismiss a case *sua sponte* "when it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *McKinney v. State of Oklahoma, Department of Human Services, Shawnee, OK*, 925 F.2d 363, 365 (10th Cir. 1991); *Whitney v. State of New Mexico,* 113 F.3d 1170, 1173 (10th Cir. 1997); *Hall v. Bellmon*, 935 F.2d 1106, 1109-10 (10th Cir. 1991); *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("*sua sponte* dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts."). "A court may raise the issue of res judicata sua sponte if it is on notice that it has previously decided the underlined substantive issue in dispute. This result is consistent with one of the policies underlying res judicata: the avoidance of unnecessary judicial waste." *In re Ginter*, 349 B.R.193, 197 (8th Cir. BAP 2006) (quoting *Arizona v. California,* 530 U.S. 392, 412, 120 S.Ct. 2304 (2000)).

### C. Copeland's Status as a *Pro Se* Litigant.

"A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, a *pro se* litigant's complaint is still required to allege sufficient facts to state a claim, and mere conclusory allegations are still insufficient. *Id*. Moreover

the Court should not be a pro se litigant's advocate, nor should the court "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. State of New Mexico,* 113 F.3d 1170, 1173-74 (10th Cir. 1997). *Pro se* litigants must follow the same procedural rules that govern other litigants. *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

Despite this relaxed pleading standard, *pro se* plaintiffs retain "the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall*, 935 F.2d at 1110; *Leatherwood v. Rios,* 705 Fed.Appx. 735, 738 (10th Cir. 2017). At the same time, "the [*pro se*] plaintiff whose factual allegations are close to stating a claim but are missing some important element that may not have occurred to him, should be allowed to amend his complaint." *Hall* at 1110. This Court is aware that "dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001).

In the present case, two factors temper the Court's general inclination to afford some latitude to a *pro se* litigant's pleading deficiencies. First, Copeland is not your normal or run-of-the-mill *pro se* party. Over the last decade or so he has represented himself *pro se* in probably more than a dozen pieces of litigation in state, federal and bankruptcy courts as well as state and federal appellate courts. Second, and perhaps more importantly, the claim and issue preclusion issues resulting from Copeland's forum shopping cannot be rectified simply by this Court permitting him to amend otherwise deficient pleadings.

## IV. Discussion

**A. Failure to State a Claim.**

Copeland's allegations of fraud in his abbreviated Complaint are insufficient under the requirements of Rules 8(a) and 9(b) to survive the Court's *sua sponte* consideration of dismissal. Copeland offers only labels and conclusions devoid of factual enhancement, and broad, vague, and conclusory allegations that fail to meet the stricter requirements of Rule 9(b). Copeland's allegations are the type of "unadorned, the-defendant-unlawfully-harmed-me accusation" rejected by the Supreme Court in *Iqbal,* 556 U.S. at 678. There are no allegations identifying the culpable defendants or their incriminating fraudulent misconduct; nor are there any facts setting forth "the who, what, when, where and how of the alleged fraud." See *United States ex rel. Sikkenga v. Regence BlueCross BlueShield of Utah*, 472 F.3d 702, 727 (10th Cir. 2006). All that is alleged is the Defendant "committed fraud when they did unauthorized repairs on (Copeland's) car in Torrance, Ca." The Complaint "has alleged-but it has not shown-that (Copeland is) entitled to relief." *Iqbal,* 556 U.S. at 679. It follows, then, that Copeland has failed to meet the heightened pleading standard of Rule 9(b).

**B. Copeland's Claim is Barred by the Doctrine of Claim and Issue Preclusion.**

Copeland's Complaint makes no mention of any prior litigation between him and the Defendants. This Court, however, is entitled to take judicial notice of both its own and other state or federal docket sheets. *United States v. Ahidley*, 486 F.3d 1184,1192, n. 5 (10th Cir. 2007) ("We may exercise our discretion to take judicial notice of publicly-filed records in our court and certain other courts concerning matters that bear directly upon the

disposition of the case at hand."); *Adams v. Watts,* 2009 WL 5101759 (W.D. OK. 2009). Reference to facts that are susceptible to judicial notice does not convert a motion to dismiss into a motion for summary judgment. *Banco Santander de P.R. v. Lopez-Stubbe (In re Colonial Mortgage Bankers Corp.),* 324 F.3d 12,19 (1st Cir. 2003) ("[M]atters of public record are fair game in adjudicating Rule 12(b)(6) motions, and a court's reference to such matters does not convert a motion to dismiss into a motion for summary judgment."). Taking judicial notice of other proceedings is particularly appropriate in situations where a court finds it appropriate to "raise the issue of res judicata sua sponte if it is on notice that it (or another court) has decided the underlined substantive issue in dispute. *In re Ginter*, 349 B.R. 193, 197 (8th Cir. BAP 2006) (quoting *Arizona v. California*, 530 U.S. 392, 412, 120 S.Ct. 2304 (2000)).

On March 12, 2018, Copeland filed a *Verified Complaint* in the Superior Court of the State of California for the County of Los Angeles against Autonation Realty Corporation, Autonation Ford Torrance and Does 1-10, asserting three Causes of Action, including violation of California Code of Regulation Title 16, violation of the California Business and Professional Code and Concealment of Fraud.[6] His *Verified Complaint* alleged, in detail, that in February 2018, Copeland took his daughter's automobile to Autonation Ford for repairs, and despite specific instructions from Copeland as to what repairs he authorized Autonation Ford "chose to ignore Plaintiff written and response (sic) and 'do whatever' they

---

[6] *Bruce Dwain Copeland v. Autonation Realty Corporation, Autonation Ford Torrance and Does 1-10, Defendants,* Superior Court of the State of California for the County of Los Angeles, Case No. 18STLC03890 (the "California Case"). The Superior Court later noted that the proper Defendant was Peyton Cramer Ford dba. Autonation Ford Torrance, erroneously sued as Autonation Realty Corporation and Autonation Ford Torrance. [Minute Order entered Dec. 6, 2018]. It appears that Copeland has also named the wrong defendants in the present case.

wanted to Plaintiff (sic) car to create a bill to 'get paid for something' whether authorized or not."[7]  These allegations are undoubtedly, stated in detail, the same allegations in abbreviated form found in Copeland's Complaint for Fraud in the present case.

On August 23, 2018, the Superior Court entered its Order sustaining Autonation Ford's Demurrer to Copeland's First, Second and Third Causes of Action for failure to state a claim upon which relief may be granted, and granting 14 days for leave to amend. Copeland failed to amend his Complaint within the time required by law.  On October 12, 2018, Peyton Cramer Ford DBA Autonation Ford filed its *Motion to Dismiss Plaintiff's Complaint with Prejudice*. On December 6, 2018, the Superior Court entered its *Order of Dismissal* "dismissing with prejudice as to (Copeland's) entire action."[8]

This Court uses the terms "claim preclusion" and "issue preclusion" rather than "res judicata" and "collateral estoppel."  "Claim preclusion works to preclude relitigation of matters that have already been decided as well as matters that could have been raised in a prior proceeding but were not." *In re Hauck*, 466 B.R. 151, 161 (Bankr. D. Colo. 2012). Under [claim preclusion] "a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *Montana v. United States*, 440 U.S. 147, 153, 99 S.Ct. 970, 973 (1979). "[Claim preclusion] thus encourages reliance on judicial decisions, bars vexatious litigation, and frees the courts to resolve other disputes." *Brown v. Felsen,* 442 U.S. 127, 131, 99 S.Ct. 2205, 2209 (1979); *Wilkes v. Wyoming Department of Employment Division of Labor Standards,* 314 F.3d 501, 503-04 (10th Cir. 2003) *(*"Under

---

[7] California Case, No. 18STLC03890, *Verified Complaint,* ¶ 15.

[8] This Dismissal with Prejudice is reflected on the Docket Sheet by both the Court's Minute Order dated Dec. 6, 2018 and the Court's Order of Dismissal entered the same date.

res judicata, or claim preclusion, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in the prior action."); *Goldsmith v. M. Jackman & Sons, Inc.*, 327 F.2d 184, 185 (10th Cir. 1964) ([claim preclusion] stands for the proposition that "a judgment rendered by a court of competent jurisdiction upon a question involved in one suit is conclusive upon that question in any subsequent litigation between the same parties. Claim preclusion generally requires the satisfaction of four elements: (1) the prior suit must have ended with a judgment on the merits; (2) the parties must be identical or in privity; (3) the suit must be based on the same cause of action; and (4) the party must have had a full and fair opportunity to litigate the claim in the prior suit. *In re Mersmann*, 505 F.3d 1033, 1049 (10th Cir. 2007); *In re Garland*, 417 B.R. 805, 818 (10th Cir. BAP 2009).

Issue preclusion bars "successive litigation of (1) an issue of fact or law (2) actually litigated and resolved in a valid court determination (3) essential to the prior judgment, even if the issue recurs in the context of a different claim." *In re Zwanziger*, 741 F.3d 74, 77 (10th Cir. 2014) (citing, *Taylor v. Sturgell,* 553 U.S. 880, 892,128 S.Ct. 2161 (2008)). Issue preclusion prevents a party that has lost the battle over an issue in one lawsuit from relitigating the same issue in another lawsuit. *Melnor, Inc. v. Corey (In re Corey)*, 583 F.3d 1249, 1251 (10th Cir. 2009). Claim and issue preclusion apply in bankruptcy. *Brown v. Felsen*, 442 U.S. 127, 134-39, 99 S.Ct. 2205 (1979); *Grogan v. Garner*, 498 U.S. 279, 285, 111 S.Ct. 654 (1991).

Unquestionably, the elements for both claim and issue preclusion are established in the record before the court. Copeland is asserting against the Defendants in the present

case the identical causes of action which he asserted in the California Superior Court proceeding which was dismissed with prejudice. Copeland cannot "forum shop" in Oklahoma to assert them again in this Court.

## V. Conclusion

For the reasons stated above, the Court finds that Copeland's allegations of fraud are wholly insufficient to state a claim under the requirements imposed upon a pleader pursuant to Rule 8(a) and Rule 9(b). Even if he could correct such deficiencies by filing an appropriate amended complaint, Copeland would still be estopped from filing an amended complaint based on the fact that his unsuccessful litigation against these Defendants in California state court preclude any further action in this Court under the doctrines of claims and issue preclusion. There is no way by which Copeland can "re-plead" his way around those doctrines. Any attempt to do so by filing an amended complaint would be futile, accordingly,

**IT IS ORDERED** that Bruce Dwain Copeland's *Complaint for: Fraud* [Doc.1] is hereby **Dismissed With Prejudice.**

# # #